Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of floor coverings, composed wholly or in chief value of rush and not of grass or of rice straw, which do not have a felt base, the same in all material respects as those the subject of Abstracts 57889 and 57890, the claim of the plaintiffs was sustained.

**No. 58743.**—Rattancraft of California and James Loudon & Co., Inc. *v.* United States, protest 226707–K (Los Angeles).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of floor coverings, composed wholly or in chief value of rush and not of grass or of rice straw, which do not have a felt base, the same in all material respects as those the subject of Abstracts 57889 and 57890, the claim of the plaintiffs was sustained.

**No. 58744.**—Modernophone, Inc., and H. S. Dorf & Co., Inc., et al. *v.* United States, protests 167434–K, etc. (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to the paper coverings containing phonograph records the subject of *United States* v. *Radio Corp. of America, RCA Victor Division* (41 C. C. P. A. 137, C. A. D. 541), the claim of the plaintiffs was sustained.

**No. 58745.**—The London Gramophone Corp. *v.* United States, protests 229106–K, etc. (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is similar in all material respects to the paper coverings containing phonograph records the subject of *United States* v. *Radio Corp. of America, RCA Victor Division* (41 C. C. P. A. 137, C. A. D. 541), the claim of the plaintiff was sustained.

**No. 58746.**—United Exporters Company v. United States, protest 203011–K (San Francisco).

Opinion by RAO, J. At the trial, the examiner testified that the merchandise at bar is described as common Japan straw matting of the type he would now advisorily classify at 3 cents per pound under paragraph 1021. Based upon the established facts, the claim of the plaintiff was sustained as to the entry in question.

**No. 58747.**—Joseph Fleischer & Co., Inc., and Dorf International, Ltd. v. United States, protest 237532–K (New York).

Opinion by FORD, J. At the trial, it was stipulated that the involved merchandise, consisting of a ladies' court theatrical wig, is composed of human hair and is in chief value of human hair. In accordance with stipulation of counsel, it was held that the merchandise described on the invoice as "D.1 Theatrical wig, Ladies Court" was dutiable as claimed.

BEFORE THE THIRD DIVISION, FEBRUARY 3, 1955

**No. 58748.**—Paolo Alonge, Inc., et al. v. United States, protests 240180–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of Pecorino (sheep's milk) cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiffs was sustained.

**No. 58749**—G. Anena Food Products et al. v. United States, protests 240443–K, etc. (New York).